**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4926**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID LYNCH,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 04-7445)

Submitted: September 7, 2005      Decided: September 29, 2005

Before WIDENER, LUTTIG, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

James R. Fox, ROMANO LAW OFFICE, Clarksburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Stephen D. Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

On June 22, 2004, this court affirmed David Lynch's sentence. See United States v. Lynch, No. 03-4926, 2004 WL 1385862 (4th Cir. June 22, 2004) (unpublished). On January 25, 2005, the Supreme Court of the United States granted Lynch's petition for writ of certiorari, vacated this court's judgment and remanded back to this court for further consideration in light of United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005). We vacate the sentence and remand for resentencing.

In Booker, the Supreme Court held that Blakely v. Washington, 542 U.S. 296 (2004), applied to the federal sentencing guidelines and that the mandatory manner in which the guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Thus, when a defendant pleads guilty and is sentenced under the mandatory guidelines scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. Because Lynch did not raise this claim below, we review for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

In Hughes, we held that a sentence imposed under the pre-Booker mandatory sentencing scheme that was enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, admitted by the defendant), constitutes plain error. That error affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 546-56.

Because the district court engaged in judicial fact-finding to determine Lynch's offense level and the resulting guideline range was imposed in a mandatory manner, there was a Sixth Amendment violation under Booker. On remand, the court must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. Hughes, 401 F.3d at 546.

Accordingly, we vacate the sentence and remand for further consideration in light of Booker and Hughes.[*] We dispense with oral argument because the facts and legal contentions are

---

[*]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Lynch's sentencing.

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>